JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Pedro Correa

**DEFENDANTS**
Ryder System Inc. , Ryder Truck Rental LT and Ryder Truck Rental, Inc.

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Keith W. Kosky, Esquire, Anthony Lopresti, Esquire, Clearfield & Kofsky, Suburban Station Bldg.-Suite 355, 1617 JFK Boulevard, Philadelphia, PA 19103, Phone: (215)563-6333

Attorneys *(If Known)*
Sean T. Stadelman, Esquire, Stephen A. Sheinen, Esquire, Goldberg Segalla LLP, 1700 Market Street, Suite 1418, Philadelphia, PA 19103 Phone: (215)519-6800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Personal Injury/Motor Vehicle

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE

DOCKET NUMBER

DATE
07/10/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse  (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2058 Albright Street, Philadelphia, PA 19134

Address of Defendant: Ryder System Inc.,  11690 NW 105th Street, Miami, FL 33178-1103, Ryder Truck Rental LT,  11690 NW 105th Street, Law 4 West, Miami, FL 33178-1103, Ryder Truck Rental Inc., 11690 NW 105th Street, Miami, FL 33178

Place of Accident, Incident or Transaction: not specified in Complaint

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes☒  No☐

Does this case involve multidistrict litigation possibilities?       Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Stephen A. Sheinen , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 7/10/2017     *Stephen G. Sheinen*     61993
Attorney-at-Law     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/10/2017     *Stephen G. Sheinen*     61993
Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Pedro Correa | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Ryder System Inc., Ryder Truck Rental LT | : | |
| and Ryder Truck Rental Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| | | |
|---|---|---|
| 7/10/2017 | _Stephen A. Msignan_ | Defendants, Ryder System, Inc., Ryder Truck Rental, LT and Ryder Truck Rental, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-519-6800 | 267-519-6801 | ssheinen@goldbergsegalla.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO CORREA | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| RYDER SYSTEM INC. | : | |
| RYDER TRUCK RENTAL LT | : | |
| and RYDER TRUCK RENTAL INC. | : | |
| | : | |
| Defendants. | : | |

### NOTICE AND PETITION OF REMOVAL OF
### DEFENDANTS RYDER SYSTEM, INC., RYDER TRUCK
### RENTAL, LT AND RYDER TRUCK RENTAL, INC.

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants, Ryder System, Inc., Ryder

Truck Rental, LT and Ryder Truck Rental, Inc., (hereinafter collectively known as Ryder"), by

and through their attorneys, Goldberg Segalla LLP, submit this Notice and Petition for Removal

from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which the above-

captioned matter is now pending, to the United States District Court for the Eastern District of

Pennsylvania. In support of said Notice and Petition, Ryder states as follows:

1.     Plaintiff, Pedro Correa, commenced this personal injury action in the Court of

Common Pleas of Philadelphia County, June Term 2017, No. 0002, by filing his complaint

against Ryder on April 21, 2017.  (*See* Exhibit "A").

2.     Plaintiff's complaint arises out of his alleged June 8, 2015 motor vehicle accident

at a location not specified in the Complaint. (*See* Exhibit "A" at ¶7).

3.     Plaintiff alleges that his accident was attributable to Ryder's negligence and carelessness in maintaining his rental truck resulting in vehicle failure that caused him to lose control of the vehicle.   (*See* Exhibit "A" at ¶¶7 and 8).

## Timeliness Of Removal

4.     This Notice of Removal is timely filed in compliance with 28 U.S.C. §1446(b) as it is being filed within thirty (30) days from June 12, 2017, the date upon which Ryder Truck Rental, Inc. was served with the Complaint.  (*See* Affidavit/Return of Service, a true and correct copy of which is attached hereto as Exhibit "B.")

## Diversity of Citizenship

5.     28 U.S.C. §1441(a) provides that a state court action over which a district court of the United States would possess original jurisdiction may be removed to the district court for the district and division embracing the place where the state court action is pending.

6.     A district court shall have original jurisdiction over a proceeding wherein the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. §1332(a).

7.     A corporation shall be deemed to be a citizen of the state in which it is incorporated and the state of its principal place of business. 28 U.S.C. §1332(c)(1).

8.     The citizenship of an unincorporated business trust is dependent upon the citizenship of its trustees and beneficiaries. *Americord Realty Trust v. Conagra Foods,* 136 S. Ct. 1012 (2016); *Luminent Mort. Capital, Inc. v. Merrill Lynch*, 652 F. Supp. 2d 576, 587 (E.D. Pa. 2009).

9.     According to the Complaint in the instant case, plaintiff is a citizen of the Commonwealth of Pennsylvania. (*See* Exhibit "A at ¶1).

10. Ryder Truck Rental, Inc. is a citizen of Florida, its state of incorporation and the location of its principal place of business.

11. Ryder System, Inc. is a citizen of Florida, its state of incorporation and the location of its principal place of business.

12. The trustee of Ryder Truck Rental, LT is RTRT, Inc.

13. RTRT, Inc. is a citizen of Delaware, its state of incorporation, and its principal place of business is located outside the Commonwealth of Pennsylvania.

14. Ryder Truck Rental, Inc., a citizen of Florida, is the beneficiary of Ryder Truck Rental, LT.

15. Diversity of citizenship exists because plaintiff is a citizen of Pennsylvania and defendants Ryder Truck Rental, Inc., Ryder System, Inc. and Ryder Truck Rental, LT are citizens of States other than Pennsylvania.

### **Amount in Controversy**

16. If a party seeks the removal of an action based upon diversity of citizenship and demands nonmonetary relief in its initial pleading, the notice of removal may state the amount in controversy and the action will be removable if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. 28 *U.S.C.* §1446 (c)(2).

17. Here, the court should find, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000 as plaintiff has alleged in the complaint that his vehicle crashed into several guard rails during the accident resulting in "disc herniations" at C5/6, C6 radiculopathy, a brain injury, an annular tear at C6/7, a closed head injury and a loss of earnings and impairment of earning capacity. (*See* Exhibit "A" at ¶¶ 7, 13 and 15).

**Plea for Removal**

18.     There is complete diversity of citizenship and the amount in controversy exceeds the jurisdictional requirement of seventy-five thousand dollars ($75,000.00) ; therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and removal of this proceeding to this Court is proper pursuant to 28 U.S.C. § 1441.

19.     No defendant is a citizen of the forum state of Pennsylvania such that removal is not precluded by 28 U.S.C. §1441(b).

20.     Since the Philadelphia County Court of Common Pleas is located within the Eastern District of Pennsylvania, removal of this case to the United States District Court for the Eastern District of Pennsylvania is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

21.     Ryder has contemporaneously with the filing of this Notice and Petition of Removal given written notice to all counsel and unrepresented parties of the removal of this matter.

22.     Promptly after filing the within Notice and Petition of Removal, a copy of same will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, defendants, Ryder System, Inc., Ryder Truck Rental, LT and Ryder Truck Rental, Inc. respectfully request that this civil action be removed from the Court of

Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the

Eastern District of Pennsylvania.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

Date:   July 10, 2017              By: /s/ *Sean T. Stadelman*
                                       Sean T. Stadelman, Esquire
                                       Attorney ID No. 201636
                                       Stephen A. Sheinen, Esquire
                                       Attorney ID No. 61993
                                       1700 Market Street, Suite 1418
                                       Philadelphia, PA 19103-3907
                                       (P) 267-519-6800; (F) 267-519-6801
                                       *Attorneys for Defendants,*
                                       *Ryder System, Inc., Truck Rental, LT*
                                       *and Ryder Truck Rental, Inc.*

## CERTIFICATE OF SERVICE

I, Sean T. Stadelman, hereby certify that this 10th day of July 2017, a true and correct copy of the foregoing Notice and Petition of Removal of defendants, Ryder System, Inc., Ryder Truck Rental, LT and Ryder Truck Rental, Inc., was served via the Court's ECF upon the following:

Keith W. Kofsky, Esquire
Anthony Lopresti, Esquire
Clearfield & Kofsky
Suburban Station Building- Suite 355
1617 JFK Boulevard
Philadelphia, PA  19103
*Attorney for Plaintiff*
*Pedro Correa*

**GOLDBERG SEGALLA LLP**


Date:    July 10, 2017                      */s/ Sean T. Stadelman*
                                            *SEAN T. STADELMAN, ESQUIRE*
                                            *Attorneys for Defendants*
                                            *Ryder System, Inc.,*
                                            *Truck Rental, LT and*
                                            *Ryder Truck Rental, Inc.*

# EXHIBIT "A"

6183988.1

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JUNE 2017**     **000002**

E-Filing Number: 1706005915

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PEDRO CORREA | RYDER SYSTEM INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2058 ALBRIGHT STREET<br>PHILADELPHIA PA 19134 | 11690 NW 105TH STREET<br>MIAMI FL 33178 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | RYDER TRUCK RENTAL LT |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 971 BRIARSDALE ROAD<br>HARRISBURG PA 17109 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | RYDER TRUCK RENTAL INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 11690 NW 105TH STREET<br>MIAMI FL 33178 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED**
**PRO PROTHY**

JUN **02** 2017

**M. BRYANT**

IS CASE SUBJECT TO COORDINATION ORDER?
YES       NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: PEDRO CORREA

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| KEITH W. KOFSKY | 1617 J.F.K. BLVD.,#355<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)563-6333 | (215)563-3580 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 65725 | Kkofskylaw@gmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *KEITH KOFSKY* | Friday, June 02, 2017, 03:29 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. RYDER SYSTEM INC.
   11690 NW 105TH STREET
   MIAMI FL 33178
2. RYDER TRUCK RENTAL LT
   971 BRIARSDALE ROAD
   HARRISBURG PA 17109
3. RYDER TRUCK RENTAL INC.
   11690 NW 105TH STREET
   MIAMI FL 33178
4. RYDER TRUCK RENTAL INC.
   1450 S. WARFIELD STREET
   PHILADELPHIA PA 19146

**THIS IS A MAJOR JURY MATTER**
**ASSESSMENT OF DAMAGES HEARING**
**IS REQUIRED**

CLEARFIELD & KOFSKY
By:  Keith W. Kofsky, Esquire
      Anthony Lopresti, Esquire
Identification No. 65725
Identification No. 93515
Suburban Station Building - Suite 355
1617 JFK Boulevard
Philadelphia, PA  19103
(215) 563-6333

Attorney for Plaintiff

| | |
|---|---|
| PEDRO CORREA | : |
| 2058 Albright Street | : |
| Philadelphia, PA 19134 | : |
| v. | : |
| RYDER SYSTEM INC. | : |
| 11690 NW 105th Street | : |
| Miami, FL 33178 | : |
| and | : |
| RYDER TRUCK RENTAL LT | : |
| 971 Briarsdale Road | : |
| Harrisburg, PA 17109 | : |
| and | : |
| RYDER TRUCK RENTAL INC. | : |
| 11690 NW 105th Street | : |
| Miami, FL 33178 | : |
| Continued on next page | |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

JUNE TERM, 2017
NO.

## COMPLAINT IN CIVIL ACTION
### (NEGLIGENCE)

NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Penna. 19107
Teléfono: (215) 238-170

Case ID: 170600002

RYDER TRUCK RENTAL INC.  :
1450 S. Warfield Street   :
Philadelphia, PA 19146   :

## GENERAL AVERMENTS

1. Plaintiff, Pedro Correra, is an adult individual who resides at the above-captioned address.

2. Defendant, Ryder System Inc. (hereinafter referred to as "Ryder") is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

3. Defendant, Ryder Truck Rental Inc. (hereinafter referred to as "Ryder Rental Inc.") is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

4. Defendant, Ryder Truck Rental LT (hereinafter referred to as "Ryder LT") is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

5. At all times material hereto, Defendants, acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the

-2-

scope of their authority and course of their employment with Defendants, in furtherance of Defendant's business and on behalf of Defendants.

6.     Defendants, Ryder and/or Ryder Inc. and/or Ryder LT, regularly conduct business in Philadelphia County.

7.     On or about June 8, 2015, and for some time prior thereto, Defendants, acting by and through their agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently allowed a rental truck to be driven on public roadways/highways when it was unfit for rental, this condition caused plaintiff to lose control of the vehicle and crash into several guard rails thereby causing bodily injury to the plaintiff.

8.     Upon information and belief one or more of the operating parts of the vehicle including but not limited to steering, breaking, axles, suspension and tires failed.

9.     As a result of the vehicle failure, Plaintiff lost control of the truck causing him bodily injury.

10.    The negligence and carelessness of defendants, acting as aforesaid, consisted of the following:

     (a)    failing to properly perform routine maintenance on the vehicle in question;

     (b)    failing to warn plaintiff of any and all defects of the vehicle;

     (c)    failing to hire and/or train competent workmen and/or mechanics in proper truck repair;

     (d)    failing to perform standard automotive diagnostics to ensure all repairs were properly made;

     (e)    failing to inspect the vehicle before and after repairs;

     (f)    failing to test drive the vehicle to ensure it was driving properly;

-3-

Case ID: 170600002

(g)     failing to use appropriate replacement parts when putting their vehicle onto the stream of commerce;

(h)     failing to properly cap tires;

(i)     failing to rotate, repair and maintain tires;

(j)     failing to use due care under the circumstances;

(k)     failing to abide by the pertinent federal motor vehicle carrier safety regulations regarding inspection, repair and maintenance of commercial motor vehicles, specifically 49 CFR 396;

(l)     failing to ensure that the vehicles were in safe and proper operating condition as per 49 CFR 396.3(a)(1);

(m)     failing to ensure that the vehicles would not be operated in such a condition as to likely cause an accident or breakdown of the vehicle as per 49 CFR 396.7(a);

(n)     negligence per se; and

(o)     in being otherwise careless, and negligent, the particulars of which are presently unknown to plaintiff but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

11.    The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

-4-

Case ID: 170600002

**COUNT I**
**PLAINTIFF, PEDRO CORRERA v. ALL DEFENDANTS**
**THIRD PARTY LIABILITY**

12.     Plaintiff, Pedro Correra, incorporates by reference hereto, all of the allegations contained in the General Averments, as if they were set forth at length herein.

13.     As a result of this accident, Plaintiff, Pedro Correra, has suffered injuries which are or may be serious and permanent in nature, including but not limited to: annular tear at C6/7, disc injuries, disc herniations at C5/6, C6 radiculopathy, right frontal scalp hematoma, closed head injury, brain injury, concussion, musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

14.     As a further result of this accident, Plaintiff, Pedro Correra has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

15.     As a further result of this accident, Plaintiff, Pedro Correra has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

16.     As a further result of this accident, Plaintiff, Pedro Correra, has suffered medically determinable physical and/or mental impairment, which prevents the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

17.     As a direct and reasonable result of the accident aforementioned, Plaintiff, Pedro Correra, has incurred or may hereafter incur, other financial expenses that exceed or may exceed the amount which plaintiff may otherwise be entitled to recover.

-5-

Case ID: 170600002

18.    As a further result of the accident aforementioned, Plaintiff, Pedro Correra, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Pedro Correra, demands judgment against the Defendants, jointly and/or severally, for damages, in an amount in excess of the arbitration limits, plus interest and costs.

**CLEARFIELD & KOFSKY**

BY: _____
**KEITH W. KOFSKY, ESQUIRE**
**Attorney for Plaintiff, Pedro Correra**

**CLEARFIELD & KOFSKY**

BY: _____
**ANTHONY LOPRESTI, ESQUIRE**
**Attorney for Plaintiff, Pedro Correra**

-6-

## VERIFICATION

I, _Pedro Correa_____ hereby verify that I am the

_____Plantiff_____ in the attached ___Complaint_____, and

that the facts set forth herein are true and correct to the best of my knowledge,

information and belief.  I understand that false statements made herein are subject

to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to

authorities.

NAME X _Pedro Correa_____

ADDRESS _____

DATE _____

Case ID: 170600002

# EXHIBIT "B"

6183988.1

# Affidavit / Return of Service

| Plaintiff: | PEDRO CORREA | Court Term & No.: 170600002 |
|---|---|---|
| | | E-File# 1706048788 |
| Defendant: | RYDER TRUCK RENTAL INC. | Document Served:<br> Plaintiff's Complaint |
| Serve at: | 1450 S. WARFIELD STREET | Company Reference/Control No.:<br> 121960 Keith W. Kofsky# 549 |

Served and Made Known to RYDER TRUCK RENTAL INC. on 06/12/2017 at 02:40 PM, in the manner described below:

Agent or person in charge of Party's office or usual place of business. NAME:

| Description | Age: | Height: | Weight: | Race: | Sex: |
|---|---|---|---|---|---|
| | 30 | 6' 0" | 180 lbs. | Black | Male |
| | Other: | | | | |

| Company Profile: | Name of Server: KEVIN WEAVER |
|---|---|
| METRO FILING SERVICES INC<br>317 SOUTH 13TH STREET<br>PHILADELPHIA PA 19107<br>PHONE: (215) 981-3453 | Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief. |
| | Deputy Sheriff: |

**FILED AND ATTESTED PRO-PROTHY 21 JUN 2017 10:19 AM**

\\zdrafsrv 12/8/11